IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE SHOSHONE INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br>*Plaintiff,*<br>v.<br>THE UNITED STATES,<br>*Defendant.* | No. 4582-79 L<br>Judge Hewitt |
| THE ARAPAHO INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br>*Plaintiff,*<br>v.<br>THE UNITED STATES,<br>*Defendant.* | No. 4592-79 L<br>Judge Hewitt |

**TRIBES' PROPOSED SCHEDULING PROPOSAL**

In accordance with ¶2 of the Court's Order filed August 27, 2004, the Eastern Shoshone and Northern Arapaho Tribes ("Tribes") hereby submit the following scheduling proposal for litigation deadlines in this subdocket.

A. Deadlines.

1. Identification of Issues. The Tribes shall provide an identification of the issues to be resolved at trial by January 13, 2006. This statement shall include the types of damages claimed, the legal theories supporting recovery, and the time frames for which recovery is sought.

2. Non-Expert Discovery. All discovery, except for discovery pertaining to expert testimony as described below, shall conclude by September 22, 2006.

3. Tribes' Initial Expert Disclosure. The Tribes shall furnish initial expert reports, including the data or other information considered by the experts in forming opinions, and the experts' qualifications, to the Government by May 19, 2006.

4. Depositions of Tribes' Experts. The Government shall complete its depositions of the Tribes' experts, except regarding rebuttal reports as described below, by June 23, 2006.

5. Government's Responsive Expert Disclosure. The Government shall furnish any expert reports responsive to the Tribes' expert reports, including the data or other information considered by the experts in forming opinions, and the experts' qualifications, to the Tribes by July 28, 2006.

6. Depositions of Government's Experts. The Tribes shall complete their depositions of the Government's experts by August 25, 2006.

7. Tribes' Expert Rebuttal. The Tribes shall furnish rebuttal expert reports, if any, including the data or other information considered by the experts in forming opinions, and the experts' qualifications, to the Government by September 29, 2006.

8. Rebuttal Expert Depositions. The Government shall complete depositions of the Tribes' rebuttal experts shall by October 20, 2006.

9. Dispositive Motions. The parties shall file any dispositive motions by November 3, 2006.

10. Meeting of Counsel. The parties shall meet to satisfy the requirements of RCFC Appendix A ¶ 13, including the exchange of exhibit and witness lists, by November 17, 2006.

11. Memorandum of Contentions of Fact and Law. In accordance with RCFC Appendix A ¶ 14, the Tribes shall file their Memorandum of Contentions of Fact and Law (Memorandum) on or before December 22, 2007. The Government shall file its responsive Memorandum on or before January 19, 2007. Each Memorandum shall be accompanied by witness lists and exhibit lists and any motions contemplated by Appendix A ¶¶ 14, 15 and 16. Any objection to a witness or exhibit not made in the Memorandum or a separate motion filed on the same date shall be deemed waived absent a showing of a compelling reason for the failure.

12. Pretrial Conference. The pretrial conference will be held on February 6, 2007, at the National Courts Building, 717 Madison Place, N.W., Washington, D.C. 20005. The parties shall bring to the pretrial conference at least three copies of any exhibit as to which an objection remains outstanding. The parties shall prepare and deliver at the pretrial conference a joint preliminary trial schedule or, if they cannot agree, separate trial schedules.

13. Trial. Trial will commence in late February or early March of 2007, on dates to be determined by further order of the Court.

B. Miscellaneous.

1. As suggested both in the Joint Status Report Suggesting Further Proceedings in the Case, dated January 6, 2004, and in the Settlement Agreement Regarding "Oil and Gas Phase One," the Tribes intend to litigate their claims regarding royalty accounting and related oil and gas valuation and collection issues for the period prior to October 10, 1973, as part of their claims subject to the foregoing litigation schedule in this subdocket.

2. The foregoing litigation schedule does not govern issues relating to payments which may be due the Tribes under the Settlement Agreement regarding sand and gravel, filed October 1, 2002, or relating to interest which may be due pursuant to the parties' Settlement Agreement Regarding "Oil and Gas Phase One." These issues are, or will be, governed by other orders of the Court and/or proposals by the parties.

3. The foregoing litigation schedule does not govern issues relating to Claims II through VI of the Arapaho Tribe's Petition or Claims II through VII of the Shoshone Tribe's Petition filed October 10, 1979, related to management of funds held in trust for the Tribes. These will be governed by other orders of the Court and/or proposals by the parties in subdockets 4583-79 and 4593-79.

4. The foregoing litigation schedule does not govern issues relating to the Tribes' environmental claims, or claims relating to special deposit accounts held by the Government in which the Tribes may have an interest. These have been deferred for resolution following the resolution of the claims subject to this subdocket.

Dated: May 18, 2005.

Respectfully submitted,

s/ Susan M. Williams
by s/ Richard M. Berley
SUSAN M. WILLIAMS
Williams & Works, P.A.
P.O. Box 1483
Corrales, New Mexico 87048
(505) 899-7994 (Telephone)
(505) 899-7972 (Facsimile)
swilliams@williamsandworks.net

*Counsel of Record for Eastern Shoshone Tribe*

s/ Richard M. Berley
RICHARD M. BERLEY
Ziontz, Chestnut, Varnell, Berley & Slonim
2101 4th Avenue, Suite 1230
Seattle, WA 98121
(206) 448-1230 (Telephone)
(206) 448-0962 (Facsimile)
rberley@zcvbs.com

*Counsel of Record for Northern Arapaho Tribe*