IN THE UNITED STATES COURT OF FEDERAL CLAIMS

(E-Filed: May 18, 2005)

| | |
|---|---|
| THE SHOSHONE INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 4582-79 L |
| THE ARAPAHO INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 4592-79 L |

DEFENDANT'S PROPOSED LITIGATION SCHEDULE

Pursuant to the Court's Order, filed August 27, 2004, the parties have exchanged draft schedules in an unsuccessful attempt to submit a joint litigation scheduling proposal. Defendant, United States, submits the attached proposed schedule for the Court's consideration. See, Exhibit "A," attached. With one additional entry, it replicates the last version of a draft schedule proposed by the Tribes, which the government received yesterday. That entry, entitled "Factual Predicate Information," is the sole difference between the parties (assuming, without knowing, that the Tribes' final proposal contains essentially the same schedule time line and substantive

events).

The difference boils down to the extent to which the parties are willing to go to accommodate the other's principal concerns. Defendant has sought to oblige the Tribes' primary concern. That accommodation has not been reciprocated, however.

Notwithstanding the fact that the Tribes have had ongoing access to our documents during this phase, with productions on February 9, February 16, March 9, March 31, and May 9 of 2005, the Tribes want an additional six-and-one-half months (from the end of June 2005, which marks the end of the discovery period set forth in the Court's August 27, 2004, Order, until January 13, 2006), to submit their "Identification of Issues." Two things stand out with this request. First, the nature of the information they propose to submit, i.e. "types of damages claimed, the legal theories, and the time frames for which recovery is sought," appears amazingly similar to the sort of information previously provided in the Tribes' 2001 filing, entitled "The Parties' Joint Submission of Proposals for Segmentation of Issues and Scheduling of Trials," dated May 18, 2001. Second, putting aside the fact that the Tribes presumably had some sense of their claims in 2001, not to mention 1979, when their Complaints were initially filed, the Tribes have been assessing the viability of their claims in this phase since approximately January 2004. See, Transcript of Conference Call, July 28, 2004, at 11:21-12:1. At bottom, it appears the Tribes want an additional six months to accomplish what has largely already been accomplished.

We are willing to accommodate those additional six months, if the Tribes use that time meaningfully to provide what thus far they have refused to do. Specifically, the Tribes decline to provide the factual predicates underlying their claims. Both their initial Complaints, filed in 1979, and their 2001 filing, which articulate or allude to the legal bases of their claims, are wholly deficient in providing Defendant notice of what the factual bases of their claims in this phase of

the litigation might be. What the defendant seeks, i.e., the names of the oil and/or gas companies, lease numbers, oil and/or gas fields, and relevant time frames associated with the allegations, is precisely the sort of information which the Tribes bear the burden of proving at trial. Until that information is provided, the Tribes unfairly force Defendant to engage in a form of shadowboxing blindly, in an effort to ferret out what conceivably might be the facts behind each claim. This is no small feat, given that the allegations span more than 50 years of activities and involve more than 1,800 leases. This lack of notice inherently and unduly prejudices Defendant's ability to prepare for trial. We remedy this defect in our proposed schedule, allowing ourselves the rightful opportunity to timely attempt to prepare a defense, by proposing the Tribes provide to Defendant and the Court the factual predicates to their claims no later than January 13, 2006.

Any notion the Tribes might harbor that adequate notice is provided through expert reports is misguided for several reasons. First, is that this proposed approach turns discovery on its head. Normally, factual discovery precedes expert disclosures. Factual discovery, per se, necessarily depends upon having some sense of what the factual allegations are. Second, in looking at the results of the last phase of the litigation, in which the Tribes' preferred approach was adopted, it is clear that their approach is unduly burdensome and inefficient; among other things, the parties generated multiple revised and supplemental expert reports, which could have been avoided had a different approach been adopted. Third, because expert reports are not commonly the vehicle by which an opposing party learns the facts it must defend against, this approach suffers from possible incompleteness of disclosures, and inefficiency of process manifested by the inevitable need for the parties to subsequently supplement any expert reports generated. Requiring the plaintiffs to identify the specific factual predicates underlying their claims would lessen the likelihood of both these occurrences. Fourth, the Tribes' late disclosure

of the facts would directly and unfairly work to the prejudice of Defendant. We would have only three months to investigate a wide range of alleged facts (as disclosed in the Tribes' expert reports), pertaining to a potentially large number of possible claims, and to prepare responsive expert reports. In contrast, the Tribes would have had the advantage of working with those facts over any number of months, dating back as far as possible, based on documents now already in their possession.

In short, the Tribes' proposed schedule permits them to have the benefit of an additional six months, with no apparent benefit to the litigation process, and to Defendant's further disadvantage by keeping us in the dark about the factual underpinnings of the Tribes' claims.

Conclusion

Because Defendant's proposed schedule fosters efficiency in the litigation process, and fairness to all parties concerned, we respectfully request the Court adopt Defendant's proposed schedule.

Respectfully submitted this 18th day of May, 2005,

Kelly A. Johnson
Acting Assistant Attorney General

s/Terry M. Petrie
TERRY M. PETRIE
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street, Suite 945
Denver, CO 80202
(303) 312-7327 (Telephone)
(303) 312-7379 (Facsimile)
Terry.Petrie@usdoj.gov
Counsel of Record for Defendant