# In the United States Court of Federal Claims

(E-Filed: June 6, 2005)

| | |
|---|---|
| THE SHOSHONE INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 4582-79 L |
| THE ARAPAHO INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 4592-79 L |

## ORDER

Before the court is plaintiff Tribes' Proposed Scheduling Proposal and Defendant's Proposed Litigation Schedule, electronically filed May 18, 2005. Further to a telephonic status conference held Wednesday, June 1, 2005 to discuss these filings, the court hereby adopts the following schedule:

1. Identification of Issues. The plaintiffs shall file a statement identifying the issues to be resolved at trial by Friday, January 13, 2006. This statement shall include the types of damages claimed, the legal theories supporting recovery, and the time frames for which recovery is sought. Plaintiffs' claims in this subdocket regard royalty accounting

and related oil and gas valuation and collection issues for the period prior to October 10, 1973 (Oil and Gas Phase Two). The Oil and Gas Phase Two claims necessarily exclude issues relating to subdocket Nos. 79-4581/79-4591 (sand and gravel), 79-4583/79-4593 (trust fund mismanagement), and the lead docket No. 79-458/79-459 (Oil and Gas Phase One and environmental or special deposit account claims deferred until resolution of claims in the Oil and Gas Phase Two subdocket). This statement shall also identify any discrete claims from the pre-1973 time period falling outside conventional Oil and Gas Phase Two claims for improper collection of royalties or improper accounting, including but not limited to any so-called drainage claims as discussed by way of example in the June 1, 2005 teleconference (discrete claims). Until the close of non-expert discovery as set forth below, plaintiffs shall reasonably cooperate with defendant to provide access to discovery documents concerning discrete claims identified in plaintiffs' January 13, 2006 filing. Plaintiffs shall also file updates of their statement identifying issues with reasonable promptness with respect to discrete claims identified after their January 13, 2006 filing.

2. Non-Expert Discovery. On or before Tuesday, August 16, 2005, and at least every 60 days thereafter while any revisions to the database are ongoing, plaintiffs shall provide defendant access to the database they are currently compiling. All discovery, except for discovery pertaining to expert testimony as described below, shall conclude by Friday, September 22, 2006.

3. Plaintiffs' Initial Expert Disclosure. Plaintiffs shall furnish initial expert reports, including the data or other information considered by the experts in forming opinions, and the experts' qualifications, to defendant by Friday, May 19, 2006.

4. Depositions of Plaintiffs' Experts. Defendant shall complete its depositions of plaintiffs' experts, except regarding rebuttal reports as described below, by Friday, June 23, 2006.

5. Defendant's Responsive Expert Disclosure. Defendant shall furnish any expert reports responsive to plaintiffs' expert reports, including the data or other information considered by the experts in forming opinions, and the experts' qualifications, to plaintiffs by Friday, July 28, 2006.

6. Despositions of Defendant's Experts: Plaintiffs shall complete their depositions of defendant's experts by Friday, August 25, 2006.

7. Plaintiffs' Expert Rebuttal. Plaintiffs shall furnish rebuttal expert reports, if any, including the data or other information considered by the experts in forming opinions, and the expert's qualifications, to defendant by Friday, September 22, 2006.

8. Rebuttal Expert Depositions. Defendant shall complete depositions of plaintiffs' rebuttal experts by Friday, October 20, 2006.

9. Dispositive Motions. The parties shall file a notice of intent to file any dispositive motions concerning types of damages claimed, the legal theories supporting recovery, and the time frames for which recovery is sought on or before Friday, October 27, 2006. The parties shall file any dispositive motions by Friday, November 10, 2006.

10. Meeting of Counsel. If no dispositive motions are filed by either party, the parties shall meet to satisfy the requirements of RCFC Appendix A ¶ 13, including the exchange of exhibit and witness lists, by Friday, November 17, 2006.

The parties are urged to contact the court at any time when they believe the involvement of the court will help to secure the just, speedy, and inexpensive determination of this action. See RCFC 1.

IT IS SO ORDERED.

s/Emily C. Hewitt
EMILY C. HEWITT
Judge