# In the United States Court of Federal Claims

(E-Filed: August 29, 2005)

| | | |
|---|---|---|
| THE SHOSHONE INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 4582-79 L |
| THE ARAPAHO INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 4592-79 L |

ORDER

The court is in receipt of plaintiffs' Statement of Consent to Substitution of Counsel for the Shoshone Indian Tribe of the Wind River Reservation (Consent Statement), received electronically by the Clerk of the Court and sent to chambers with a Deficiency Memorandum noting that the document is "not properly signed pursuant to General Order No. 42."[1] General Order No. 42A requires that electronic case filings

[1]The court received this filing and the accompanying deficiency memorandum in (continued...)

contain a signature block with an "s/" preceding the typed name of the party submitting the filing "in the space where the signature would otherwise appear." Part IV, ¶ 16. In contravention of the requirements of General Order 42A, plaintiff's signature appears on this electronic filing. See Consent Statement at 2.

Furthermore, the Rules of the Court of Federal Claims (RCFC) provide that the attorney of record for "[p]arties [o]ther than the United States" may be changed upon motion by the court where the motion is signed "by the newly designated attorney accompanied by an affadavit of appointment executed by such attorney." RCFC 88.1(c)(4). The motion to change the attorney of record may also be "accomplished by an appropriate entry on the docket by the clerk" when the "consent of the previous attorney is annexed to or endorsed on the motion." Id. Plaintiffs' Consent Statement, although it establishes the "consent of the previous attorney," does not move the court to substitute counsel, nor does it contain the signature or affadavit of appointment of "the newly designated attorney." Plaintiffs' Consent Statement therefore does not invoke the expedited substitution by docket entry contemplated by Rule 88.1. (Such a substitution was accomplished by docket item no. 438, Consented Motion to Substitute [Attorney of Record], filed electronically on May 17, 2005 in the main docket of this case, 79/458/459.)

Counsel for plaintiffs are instructed to REFILE this Consent Statement as a motion to substitute counsel in accordance with RCFC 88.1(c)(4) in subdockets 79-4582/4592 and 79-4583/4593 of this case. Plaintiffs' counsel shall also FILE such a motion in the main docket of this case, 79-458/459.

IT IS SO ORDERED.

s/Emily C. Hewitt
EMILY C. HEWITT
Judge

[1](...continued)
subdockets 79-4581/4591, 79-4582/4592 and 79-4583/4593. Because subdocket 79-4581/4591 is closed, the court disregards the filing in this subdocket.