**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE SHOSHONE INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant.* | No. 4582-79 L, 4583-79 L<br>Judge Hewitt |
| THE ARAPAHO INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant.* | No. 4592-79 L, 4593-79 L<br>Judge Hewitt |

**TRIBES' REPLY MEMORANDUM RE MOTION TO AMEND PETITIONS**

Plaintiffs Eastern Shoshone and Northern Arapaho Tribes (Tribes) filed a motion to amend their Petitions on November 18, 2005, to encompass damages suffered by the Tribes prior to August 14, 1946. The United States filed its response opposing the motion on December 5, 2005. This is the Tribes' reply.

The Tribes' motion should be granted. It is undisputed that recent holdings of this Court and the Court of Appeals for the Federal Circuit interpreting a series of Appropriations Acts

passed since 1990[1] have broadened the ability of tribes to pursue claims for damages suffered during periods which might have otherwise been barred by the statute of limitations when the original Petitions were filed in 1979. The Federal Circuit's ruling in *Shoshone Indian Tribe v. United States*, 364 F.3d 1339 (Fed. Cir. 2004), *cert. denied* 125 S.Ct. 1824, 1826 (April 18, 2005) affirmed this Court's ruling (51 Fed. Cl. 60 (2001)) that the Tribes were not barred from seeking damages for "losses to or mismanagement of trust funds" which may have occurred more than six years before the Tribes filed their Petitions. This Court also held in *Osage Nation v. United States*, 57 Fed. Cl. 392 (2003), relying on its ruling herein, that the Appropriations Acts permitted tribes to pursue eligible claims for mismanagement occurring prior to August 13, 1946, the effective date of the Indian Claims Commission Act, 60 Stat. 1052.

Under these recent rulings, which acknowledge Congress's intent to defer the commencement of the statute of limitations for covered claims, the Tribes should be permitted to amend their Petitions. This Court has acknowledged the probable propriety of such an amendment when it explicitly permitted the Tribes to pursue documentary discovery relating to claims of alleged mismanagement occurring both before and after 1946. *See* Order (August 27, 2004) at 3 n. 2.

The Government's position is based on the Federal Circuit's holding regarding the scope of the Appropriations Acts, which was narrower regarding the distinction between "trust funds" and "trust assets" than the ruling of this Court. *See* 364 F.3d at 1350. The Tribes are not trying

---

[1] Act of November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915; Act of November 13, 1991, Pub. L. No. 102-154, 105 Stat. 990; Act of October 5, 1992, Pub. L. No. 102-381, 106 Stat. 1374; Act of November 11, 1993, Pub. L. No. 103-138, 107 Stat. 1379; Act of September 30, 1994, Pub. L. No. 103-332, 108 Stat. 2499; Act of April 26, 1996, Pub. L. No. 104-134, 110 Stat. 1321; Act of September 30, 1996, Pub. L. No. 104-208, 110 Stat. 3009; Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543; Act of November 29, 1999, Pub. L. No. 106-113, 113 Stat. 1501; Act of October 11, 2000, Pub. L. No. 106-291, 114 Stat. 922; Act of November 5, 2001, Pub. L. No. 107-63, 115 Stat. 414; Act of February 20, 2003, Pub. L. No. 108-7, 117 Stat. 11; Act of November 10, 2003, Pub. L. No. 108-108, 117 Stat. 1263.

to relitigate the Federal Circuit's decision, and their motion to amend explicitly acknowledges that claims for mismanagement occurring prior to 1973 are subject to the Federal Circuit's holding. Tribes' Motion to Amend at 6 n. 2. The Tribes in their motion to amend did not propose major redrafts of their original petitions. They simply removed references to 1946 as the earliest potential date of claimed mismanagement, because it is now inconsistent with the governing law.

Because of the complexity of the case, which covers a broad range of alleged mismanagement over long periods, and because of the lengthy period since the original petitions were filed in 1979, the parties and the Court have managed this litigation not by close recourse to the original Petitions but through Orders which have divided the case into phases, and, for each phase, require the plaintiff Tribes to submit a statement identifying the issues they seek to have resolved in that phase, including "types of damages claimed, the legal theories supporting recovery, and the time frames for which recovery is sought." *See, e.g.*, the Court's current scheduling Order (June 6, 2005), which governs the next phase to be tried in this matter, Oil and Gas Phase Two:

> 1. Identification of Issues. The plaintiffs shall file a statement identifying the issues to be resolved at trial by Friday, January 13, 2006. This statement shall include the types of damages claimed, the legal theories supporting recovery, and the time frames for which recovery is sought. Plaintiffs' claims in this subdocket regard royalty accounting and related oil and gas valuation and collection issues for the period prior to October 10, 1973 (Oil and Gas Phase Two). . . . This statement shall also identify any discrete claims from the pre-1973 time period falling outside conventional Oil and Gas Phase Two claims for improper collection of royalties or improper accounting, including but not limited to any so-called drainage claims as discussed by way of example in the June 1, 2005 teleconference (discrete claims). Until the close of non-expert discovery as set forth below, plaintiffs shall reasonably cooperate with defendant to provide access to discovery documents concerning discrete claims identified in plaintiffs' January 13, 2006 filing. Plaintiffs shall also file updates of their statement identifying issues with reasonable promptness with respect to discrete claims identified after their January 13, 2006 filing.

The Tribes' issues statement due January 13, 2006, rather than the original Petitions, is to govern the next phase of the litigation. ¶ 1 of the current scheduling Order accords the Tribes an opportunity to "update" their statement with reasonable promptness. ¶¶ 2 through 8 of the Order provide that the issues statement is to be followed by expert reports and associated data disclosure, and expert and non-expert discovery. The Government will then have ample opportunity to file dispositive motions keyed to the Tribes' issues statement (*i.e.*, relating to "types of damages claimed, the legal theories supporting recovery, and *the time frames for which recovery is sought*") until a deadline following the close of discovery:

> 9. Dispositive Motions. The parties shall file a notice of intent to file any dispositive motions concerning types of damages claimed, the legal theories supporting recovery, and the time frames for which recovery is sought on or before Friday, October 27, 2006. The parties shall file any dispositive motions by Friday, November 10, 2006.

This approach has been successful in helping the parties resolve the prior phases of this case, and has been further refined in the scheduling Order for the current phase. The Government's concern that the Tribes' amended petitions may be overbroad is premature.

The Tribes' motion to amend should be granted.

DATED: December 12, 2005.

Respectfully submitted,

s/Harry R. Sachse by R. Berley w/auth'n
HARRY R. SACHSE
ANNE D. NOTO
Sonosky, Chambers, Sachse
Enderson & Perry, LLP
1425 K Street, NW, Suite 600
Washington, DC 20005
(202) 682-0240 (Telephone)
(202) 682-0249 (Facsimile)
hsachse@sonosky.com
*Counsel of Record for Eastern Shoshone Tribe*

s/Richard M. Berley
RICHARD M. BERLEY
BRIAN W. CHESTNUT
Ziontz, Chestnut, Varnell, Berley & Slonim
2101 4th Avenue, Suite 1230
Seattle, WA 98121
(206) 448-1230 (Telephone)
(206) 448-0962 (Facsimile)
rberley@zcvbs.com
*Counsel of Record for Northern Arapaho Tribe*

SUSAN M. WILLIAMS
LISA K. CONDON
Williams & Works, P.A.
P.O. Box 1483
Corrales, New Mexico 87048
(505) 899-7994 (Telephone)
(505) 899-7972 (Facsimile)
swilliams@williamsandworks.net
*Counsel for Eastern Shoshone Tribe*

**CERTIFICATE OF SERVICE**

I certify that the foregoing pleading is to be served on Terry Petrie, counsel of record for the United States, contemporaneously with this filing via the Court's electronic filing system.

s/Richard M. Berley
Counsel of Record for Northern Arapaho Tribe