IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE SHOSHONE INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant*. | No. 4582-79 L<br>Judge Hewitt |
| THE ARAPAHO INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant.* | No. 4592-79 L<br>Judge Hewitt |

**JOINT SCHEDULING PROPOSAL FOR OIL AND GAS PHASE TWO**

In response the Court's Order filed November 30, 2006 (Doc. 33), the parties submit the following scheduling proposal for litigation deadlines in this subdocket.

A. Background.

1. Litigation History; Segmentation; Prior Settlements. The Tribes filed separate actions on October 10, 1979. The cases were consolidated by the Court on November 8, 1979.

To facilitate processing of the diverse claims presented, the case has been segmented by subject matter. Sand and gravel issues were assigned by the Court to a separate subdocket on June 13, 2001, and have been fully resolved through a combination of court decisions (*e.g., Shoshone Indian Tribe v. United States*, 52 Fed. Cl. 614 (2002)) and settlements (*see* Settlement Agreement regarding sand and gravel filed October 1, 2002, and Joint Motion for Entry of Agreed Judgment on Remand Regarding Sand and Gravel filed July 29, 2005 (4581-79 and 4591-79, Doc. 164)).

The Tribes' claims relating to oil and gas have also been segmented. "Oil and Gas Phase One" primarily addressed royalty accounting issues relating to oil and gas production occurring between October 10, 1973, and December 31, 2000. These claims have also been resolved. *See, e.g.*, the Court's Order filed June 30, 2004, approving the parties' Stipulation for Dismissal of Claims Regarding "Oil and Gas Phase One Issues." Claims regarding interest in Oil and Gas Phase One have also been resolved. *See* Settlement Agreement Regarding Oil and Gas Phase One Interest filed March 6, 2006 (458-79 and 459-79, Doc. 444).

"Oil and Gas Phase Two" addresses royalty accounting issues related to production occurring before October 10, 1973, as well as a series of other discrete claims relating to oil and gas, all of which are described in the Tribes' Statement Identifying Oil and Gas Phase Two Issues filed in this subdocket on January 13, 2006 (Doc. 20). The proposed schedule submitted herein addresses these claims only.

Following resolution of Oil and Gas Phase Two, the parties will address claims relating to the Tribes' trust funds in another subdocket, now designated as 4583-79 and 4593-79. The schedule proposed herein therefore does not govern issues relating to Claims II through VI of the Arapaho Tribe's Amended Petition or Claims II through VII of the Shoshone Tribe's Amended Petition, both of which were filed March 28, 2006 (458-79 and 459-79, Docs. 445 and 446 respectively). The proposed litigation schedule also does not govern issues relating to the Tribes' environmental claims, or claims relating to special deposit accounts held by the Government in which the Tribes may have an interest. These will also be addressed following resolution of the claims in this subdocket.

2. Prior Scheduling Order; Tribes' Identification of Issues; Joint Database Efforts. The Court issued a scheduling Order for this subdocket on June 6, 2005 (Doc. 12). Pursuant to that Order, the Tribes filed a Statement Identifying Oil and Gas Phase Two Issues on January 13, 2006 (Doc. 20), listing ten claims they intended to pursue in this Phase. At the parties' request, the Court suspended the litigation schedule by Order dated April 25, 2006 (Doc. 25), to allow the parties to coordinate their database development efforts in hopes that a joint database would contribute to the efficiency of the litigation. The parties have spent approximately six months on this effort and have reported regularly on their progress to the Court. The principal database of on-Reservation oil and gas transactions for periods prior to October 10, 1973, is substantially complete.

B. Proposed Schedule.

1. Tribes' Initial Expert Reports. The Tribes shall furnish reports setting forth the opinions of their experts on Claims I through VII – under the claim numbering system used in the Tribes' Statement Identifying Oil and Gas Phase Two Issues dated January 13, 2006 (Doc. 20) (Tribes' Statement) – by **April 27, 2007**. The reports shall meet the requirements of CFC Rule 26(a)(2)(B).

By a Notice filed October 16, 2006 (Doc. 31), the Tribes informed the Court that they were withdrawing Claim VIII as listed in the Tribes' Statement. Claim IX as listed in the Tribes' Statement is for interest, which the parties anticipate will be addressed following resolution of the underlying claims on which interest would be computed. Claim X as listed in the Tribes' Statement is for attorney fees, which the parties anticipate would be addressed, if at all, following entry of judgment in this subdocket.

2. Government's Responsive Expert Reports. The Government shall furnish reports responsive to the Tribes' initial expert reports by **July 26, 2007**. The reports shall meet the requirements of CFC Rule 26(a)(2)(B).

3. Tribes' Rebuttal Expert Reports. The Tribes shall furnish rebuttal expert reports, if any, by **September 24, 2007**. The reports shall meet the requirements of CFC Rule 26(a)(2)(B).

4. Conference of Experts and Attorneys. Informal interaction among the parties' experts to narrow factual issues has already occurred, and it is anticipated that this shall continue. No later than **October 4, 2007**, the experts and attorneys shall have a face-to-face meeting to further narrow issues.

5. Settlement Conferences. The parties shall have one or more face-to-face settlement conferences, at which they will use best efforts to achieve settlement of some or all issues in this subdocket, beginning within 10 days following the conference described in paragraph 4 above.

6. Depositions of Experts. Expert depositions may begin following the first Settlement Conference, and shall be concluded by **November 27, 2007**.

7. Discovery Cutoff. The parties shall complete all discovery by **November 27, 2007**.

8. Dispositive Motions. The parties shall file a notice of intent to file any dispositive motions by **November 27, 2007**. The parties shall file any dispositive motions by **December 17, 2007.**

Dated: December 13, 2006.

Respectfully submitted,

s/Harry R. Sachse
by Richard M Berley w/auth'n
HARRY R. SACHSE
Sonosky, Chambers, Sachse
Enderson & Perry, LLP
1425 K Street, NW, Suite 600
Washington, DC 20005
(202) 682-0240 (Telephone)
(202) 682-0249 (Facsimile)
hsachse@sonosky.com
*Counsel of Record for Eastern Shoshone Tribe*

s/Richard M Berley
RICHARD M. BERLEY
Ziontz, Chestnut, Varnell,
Berley & Slonim
2101 4th Avenue, Suite 1230
Seattle, WA 98121
(206) 448-1230 (Telephone)
(206) 448-0962 (Facsimile)
rberley@zcvbs.com
*Counsel of Record for Northern Arapaho Tribe*

Kelly A. Johnson
Acting Assistant Attorney General
Environment and Natural Resources Division

s/Terry M. Petrie
by Richard M Berley w/auth'n
TERRY M. PETRIE
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street, Suite 945
Denver, CO 80202
(303) 312-7327 (Telephone)
(303) 312-7379 (Facsimile)
Terry.Petrie@usdoj.gov
*Counsel of Record for United States*